UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILIP M. LEE, SR.,                          )
                                             )
                    Plaintiff,               )
                                             )          CAUSE NO. 3:18-CV-079 JD
            vs.                              )
                                             )
ELKHART COUNTY WORK                          )
RELEASE, *et al.*,                           )
                                             )
                    Defendants.              )

OPINION AND ORDER

Philip M. Lee, Sr., a *pro se* prisoner, filed a complaint against Elkhart County

Work Release and Elkhart Community Correction alleging that he was held beyond his

out date. "A document filed pro se is to be liberally construed, and a pro se complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court

must review the merits of a prisoner complaint and dismiss it if the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. "In order to state a claim

under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal

constitutional right; and (2) that the defendants acted under color of state law." *Savory*

*v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lee is currently incarcerated at the Elkhart County Corrections Center. He alleges that:

1.      I was released from Elkhart County work release February 9, 2017 by Commissioner Butler from the IV-D child support court.

2.      On February 11, 2017, I was still incarcerated. I felt they were holding without just cause.

3.      February 11, 2017 I left their facility.

4.      February 14, 2017 I was arrested.

5.      Court transcript from IV-D court commissioner Butler's court 315 S. 2nd St. Elkhart, IN 46516 will prove this fact.

ECF 1 at 2. Essentially, Lee alleges he was incarcerated past his out date and seeks money damages for the days he spent incarcerated too long. However, there are two problems with Lee's complaint.

First, Lee has not named a proper defendant. Instead, he names only the Elkhart County Community Correction and its work release program. Though the jail through its work release program is where these events occurred, neither named defendant is a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). To fix this problem, Lee must identify the individual responsible for his prolonged detention.

Second, even if Lee had named a proper defendant, he has not plausibly alleged that the prolonged detention was the result of any deliberate indifference. In order to prevail on an Eighth Amendment claim, Lee must plead that he was held beyond his

out date without penological justification, and that the prolonged detention was the result of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated to prison needs. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013); *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004). Lee does not attempt to explain the reasons why he was held beyond his out date or allege that his prolonged detention was the result of any deliberate indifference.

Though Lee's current complaint does not plausibly state a claim, it is not possible to say that he could not do so. Accordingly, Lee will be granted leave to file an amended complaint if he believes that he can present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. Again, he needs to explain what individual jail staff member was personally responsible for keeping him detained past his out date. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form, and send it to Philip M. Lee, Sr.;

(2) **GRANTS** Philip M. Lee, Sr., to and including April 16, 2018, to file an amended complaint; and

(3) **CAUTIONS** Philip M. Lee, Sr. that if he does not respond by the deadline,

this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint

does not state a claim for which relief can be granted.

SO ORDERED on March 14, 2018.

                                     /s/ JON E. DEGUILIO
                                     Judge
                                     United States District Court